IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OSCAR MARTINEZ | § § § | |
| *Plaintiff* | § § | |
| VS. | § § | Civil Action No. 1:22-cv-896 |
| PALMICHE TRANSPORT, LLC and LINO DELGADO PACHECO | § § § § | |
| *Defendants* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Oscar Martinez, and files his Original Complaint against Defendants Palmiche Transport, LLC. ("Palmiche") and Lino Delgado Pacheco ("Pacheco"), collectively, ("Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

1.1   Plaintiff, Oscar Martinez, is a citizen of Austin, Travis County, Texas.

1.2   Defendant, Lino Delgado Pacheco (Defendant "Pacheco"), was a citizen of Las Vegas, Clark County, Nevada at the time of the subject crash. Defendant Pacheco was the driver of the 2013 Volvo Tractor Trailer that was involved in the crash that makes the basis of this lawsuit. Defendant Pacheco may be served with process at 5162 Woodruff PL, Las Vegas, Nevada 89120, where it is believed that he may be found.

1.3   Defendant, Palmiche Transport, LLC ("Palmiche") is a corporation with its principal place of business in Las Vegas, Clark County, Nevada. Palmiche is the lessee of the tractor-trailer involved in the subject crash that makes the basis of this lawsuit and

is also the employer of Defendant Pacheco. As evidenced by the location of the crash described below, Palmiche conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Palmiche is the employer of Defendant Pacheco. Palmiche may be served with process by serving its registered agent, Lino Delgado Pacheco, at 5162 Woodruff PL, Las Vegas, Nevada 89120.

## II.
### VENUE AND JURISDICTION

2.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00.

2.2.    The Court has specific personal jurisdiction over Defendants because they each purposefully directed their activities toward the State of Texas and have purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas. Further, the claims made in this lawsuit arise foreseeably from the activities that Defendants purposefully directed toward Texas. Specifically, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate and drive a vehicle on the roadways of Texas for commercial purposes, and their failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in the lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their conduct of business in Texas and their tortious activities in Texas, and this Court's personal jurisdiction in this action arises from that nexus. Defendants themselves created the contacts with Texas, and they purposefully availed themselves of the benefits and privileges of conducting activities

within Texas. Defendants have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them, as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with due process and the Texas Long Arm statute; it does not offend the traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

2.3   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Specifically, the crash giving rise to this lawsuit occurred in Hays County Texas, which is located in the in the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1).

### III.
### BACKGROUND FACTS

3.1   According to the crash report, on April 19, 2022, at roughly 1:43 p.m., Plaintiff exited IH-35 near the 700 block of McKie St. in San Marcos, Hays County, Texas. While Plaintiff was merging on to the access road, Defendant Pacheco failed to yield the right of way; Defendant Pacheco pulled his vehicle out of a parking lot and entered Plaintiff's travel lane. As a result, Defendant Pacheco's tractor trailer crashed into Plaintiff's tractor trailer. Surveillance video reviewed by the investigating officer confirmed that Defendant Pacheco failed to yield the right of way while pulling out across three lanes of traffic. As a result of the crash, Plaintiff suffered severe injuries.

3.2   At all times during the time of the crash, Defendant Pacheco was in the course and scope of his employment with his employer Palmiche. As such, Defendant Palmiche is liable for the acts and omissions of Defendant Pacheco under the doctrine of

*respondeat superior*. Alternatively, Defendant Pacheco was the statutory employee of Defendant Palmiche pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq.*

**CAUSES OF ACTION AGAINST DEFENDANTS
PALMICHE TRANSPORT, LLC AND LINO DELGADO PACHECO**

### IV.
#### NEGLIGENCE AND VICARIOUS LIABILITY

4.1   Defendant Pacheco committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

4.2.   Defendant Pacheco owed a duty to Plaintiff to exercise ordinary care. Defendant Pacheco's acts or omissions of negligence include, without limitation, one or more of the following:

(a)   Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)   Failing to safely operate the subject tractor-trailer;

(c)   Crashing into Plaintiff;

(d)   Failing to yield right of way;

(e)   Failing to pay attention to attendant traffic and driving conditions; and

(f)   Attempting to turn when unsafe to do so.

4.3   Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and to be sustained by Plaintiff in the future.

4.4.   Defendant Palmiche is liable for Defendant Pacheco's conduct under the doctrine of *respondeat superior*. Defendant Pacheco was employed by Defendant Palmiche

as its authorized agent, servant, and/or employee on the date in question and Defendant Pacheco was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Palmiche is vicariously liable for Defendant Pacheco's negligence because Defendant Pacheco was acting in furtherance of the business of Defendant Palmiche at the time of the collision and was in the course and scope of his employment or agency with Defendant Palmiche at the time of the collision.

4.5. Alternatively, Defendant Palmiche is vicariously liable as a matter of law for the negligence of Defendant Pacheco because Defendant Pacheco was a statutory employee of Defendant Palmiche pursuant to the Federal Motor Carrier Safety Regulations.

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1. As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

### VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1 Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

### VII.
### CONDITIONS PRECEDENT

7.1 All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## VIII.
## JURY DEMAND

8.1     Plaintiff requests a trial by jury and tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

DATED this 7th day of September 2022.

Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Drive
Building 3 – Suite 100
San Antonio, Texas 78257
Telephone:   (210) 447-0500
Facsimile:    (210) 447-0501

By:     /s/ - Rebecca C. Page
        FRANCISCO GUERRA, IV
        State Bar No. 00796684
        Email: fguerra@wattsguerra.com
        REBECCA C. PAGE
        State Bar No. 24101234
        Email: rpage@wattsguerra.com
        LANCE KIMBRO
        State Bar No. 24124779
        Email: lkimbro@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**